UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/15
```

--------------------------------------------------------X
                             :

CITIGROUP GLOBAL MARKETS INC., BLAIR :
NELSON, CHRISTOPHER ALEXIS, ROBERT :
PAPALEO, AND AVI JANKELOVITS, :          14 Civ. 08487 (LGS)
                   Petitioners, :
                        :         <u>OPINION AND ORDER</u>

        -against-       :
                        :
                        :

ILAN PREIS, :
                   Respondent. :
                        :
--------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      This dispute arises out of the discharge of Respondent Ilan Preis as an employee and

registered representative of Petitioner Citigroup Global Markets Inc. ("CGMI").  CGMI and

certain of its employees -- Blair Nelson, Christopher Alexis, Robert Papaleo, and Avi Jankelovits

(collectively, "CGMI Petitioners") -- commenced this action seeking to enjoin an arbitration

proceeding initiated by Respondent Preis on the ground that a prior arbitration award in favor of

CGMI, which was confirmed by this Court, precludes the new arbitration.  Preis cross-moves to

dismiss this action and to compel arbitration.

      For the reasons below, the Petition is granted in part and denied in part.  Preis' motion is

also granted in part and denied in part.

I.      **BACKGROUND**

      **A.  The Parties' Prior Proceeding**

      Petitioner CGMI is a registered broker-dealer with the Financial Industry Regulatory

Authority, Inc. ("FINRA").  On or around December 25, 2012, Preis commenced a FINRA

arbitration against CGMI alleging that he had been unlawfully discharged from his employment

at CGMI (the "First Arbitration").  On January 17, 2013, he filed an amended statement of claim.

Broadly summarized, Preis asserted that, after he had internally reported violations of Securities and Exchange Commission rules and regulations, CGMI retaliated by soliciting customer complaints against him, and then discharged him.  He also claimed that CGMI had filed a false Form U5 with FINRA about his discharge.  Preis alleged nine claims and theories of liability: (1) retaliation under the Sarbanes-Oxley Act, (2) prima facie tort, (3) tortious interference with prospective business relationships, (4) breach of contract, (5) breach of implied covenant of good faith and fair dealing, (6) quantum meruit, (7) unjust enrichment, (8) negligence and failure to supervise, and (9) breach of industry rules.  He sought compensatory and punitive damages, attorneys' fees and costs, and expungement of the Form U5.  After a nine-day hearing, the arbitration panel denied Preis' claims.

On or around July 17, 2014, Preis initiated an action in New York state court to vacate or modify the award in the First Arbitration.  CGMI removed the action on August 8, 2014, and cross-petitioned to confirm the arbitration award.  That action is a separate but related action with case number 14 Civ. 6327 (LGS).  By Order and Opinion dated April 8, 2015, this Court confirmed the arbitration award in the First Arbitration.

### B.  The Second Arbitration, the Current Proceeding and the FINRA Denial of Forum Petition

On May 3, 2014, Preis commenced a second FINRA arbitration against CGMI and added the individual Petitioners who had not been parties to the First Arbitration (the "Second Arbitration").  In the Second Arbitration, Preis alleged essentially the same facts, added additional facts, and asserted the same nine claims and theories of liability that he had raised in the First Arbitration and again sought compensatory and punitive damages, as well as expungement of his Form U5.

On August 8, 2014, CGMI requested that FINRA deny the use of the FINRA arbitral

forum to hear the Second Arbitration.  On August 12, 2014, Preis responded to FINRA arguing that the Second Arbitration should go forward and advising that he was no longer acting pro se and was represented by counsel.  CGMI argued in further support of denial of the forum by letters dated August 28, 2014, and September 9, 2014.

On October 23, 2014, CGMI Petitioners commenced the present action.  On December 5, 2014, Preis moved to dismiss the Petition and compel arbitration.  In support of his opposition and cross-motion, Preis submitted a declaration stating that the Second Arbitration, in contrast to the First Arbitration, would focus on events that occurred in or around September 2013.  On December 31, 2014, Preis filed an Amended Demand for Arbitration in the Second Arbitration against the CGMI Petitioners ("Amended Demand").  The Amended Demand focused on events that post-date Preis' January 2013 amended statement of claim in the First Arbitration, but repeated in substance the factual allegation that, in October and November 2012, some of the CGMI Petitioners in this action solicited complaints from Preis' former clients.  The Amended Demand asserted causes of actions for retaliation under the Sarbanes-Oxley Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Dodd-Frank Act"), tortious interference, and prima facie tort.  Preis seeks compensatory and punitive damages, as well as expungement of two customer complaints.

On September 23, 2014, FINRA ruled that (1) it would not arbitrate claims against CGMI "that were previously decided by award," (2) it would arbitrate "new claims that were not previously adjudicated," and (3) "[a]ny issues in connection with the claims that may proceed in this forum will be decided by the arbitration panel."  FINRA also ruled that it would arbitrate Preis' claims against the individual Petitioners because they were not named in the First Arbitration.

II.     **DISCUSSION**

CGMI Petitioners seek declaratory and injunctive relief barring Preis from pursuing the Second Arbitration, citing the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., the All Writs Act, 28 U.S.C. § 1651(a), and the Court's general equity powers.  CGMI Petitioners also seek a declaratory judgment and injunctive relief preventing Preis from arbitrating his Sarbanes-Oxley Act and Dodd-Frank Act claims based on the Dodd-Frank Act.  Preis cross-moves to dismiss and compel arbitration under Federal Rule of Civil Procedure 12(b)(6), the FAA, 9 U.S.C. § 4, and FINRA Rules 13200 and 13209.

Preis' claims in the Second Arbitration based on the anti-retaliation provision of the Dodd-Frank Act, tortious interference, and prima facie tort are arbitrable, and the preclusive effect of the prior arbitration, if any, must be determined by arbitrators and not the courts.  CGMI Petitioners' request to enjoin the Second Arbitration with respect to these claims is therefore denied, and Preis' cross-motion to compel arbitration with respect to these claims is granted.  For the reasons below, these claims are stayed during the pendency of the arbitration.

The remaining claim under the Sarbanes-Oxley Act is not arbitrable.  CGMI Petitioners' request to enjoin the Second Arbitration with respect to the Sarbanes-Oxley Act claim is therefore granted, and Preis' cross-motion to dismiss this claim and compel arbitration is denied.

The question of arbitrability "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise."  *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 344 (2d Cir. 2010).  Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004); *Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996).  Moreover, "if there is a reading of the various agreements that permits the [a]rbitration [c]lause to

remain in effect," a court "must choose it." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 133 (2d Cir. 2011). The Second Circuit has also stated that, "even if [a court] harbored some doubt as to whether the claim preclusion dispute in this case is arbitrable," that doubt should be resolved "in favor of arbitration." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 131 (2d Cir. 2015) ("*Citigroup, Inc.*").

In deciding a motion to compel arbitration, courts apply "a standard similar to that applicable for a motion for summary judgment." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012) (citation omitted). However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 176 (2d Cir. 2003). Arbitration clauses are to be construed as broadly as possible. *Id.*

### A. The Dodd-Frank Act, Tortious Interference, and Prima Facie Tort Claims

#### i. Arbitrability

Preis' claims for violation of the anti-retaliation provision of Dodd-Frank and for tortious interference and prima facie tort in his Amended Demand are arbitrable under FINRA Rule 13200. FINRA Rule 13200 requires that "a dispute must be arbitrated under the [FINRA] Code if the dispute arises out of the business activities of a member or an associated person and is between or among[] Members; Members and Associated Persons; or Associated Persons."

Here the dispute arises out of the business activities of, and is a dispute between CGMI, a "Member" and the remaining Petitioners, all of whom are "Associated Persons," on the one hand, and Preis, who is also an "Associated Person," on the other hand. "Member" is defined, in relevant part, as "any broker or dealer admitted to membership in FINRA." FINRA R. 13100(o). An "Associated Person" is defined, in relevant part, as (1) "[a] natural person who is registered or has applied for registration under the Rules of FINRA;" or (2) a "partner, officer, director, or

branch manager of a member, or other natural person occupying a similar status or performing similar functions."  FINRA R. 13100(a), (r).  The term "Associated Person" includes "a person formerly associated with a member."  *Id.*  CGMI is a FINRA broker-dealer, and the individual Petitioners were registered with FINRA.  During his employment, Preis was a registered representative of CGMI at FINRA.  The Dodd-Frank, tortious interference and prima facie tort claims are therefore arbitrable.

CGMI Petitioners incorrectly assert that the Dodd-Frank Act claim is not arbitrable because there is no post-dispute agreement to arbitrate that claim.  Although the Dodd-Frank Act amended other statutes to require a post-dispute agreement to arbitrate, there is no analogous provision in the anti-retaliation provision of the Dodd-Frank Act itself.  15 U.S.C. § 78u-6(h); *see also Khazin v. TD Ameritrade Holding Corp.*, 773 F.3d 488, 492 (3d Cir. 2014) ("The text and structure of Dodd-Frank compel the conclusion that whistleblower retaliation claims brought pursuant to 15 U.S.C. § 78u-6(h) are not exempt from predispute arbitration agreements.").  Accordingly, this claim is arbitrable.

### ii.  Claim Preclusion

The preclusive effect, if any, of the parties' previous arbitration on the Dodd-Frank Act, tortious interference, and prima facie tort claims must be decided by arbitrators.  If a claim falls within the scope of a valid arbitration agreement, then "the determination of the claim-preclusive effect of a prior federal judgment confirming an arbitration award is to be left to the arbitrators."  *Citigroup, Inc.*, 776 F.3d at 131; *see also Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Belco Petroleum Corp.*, 88 F.3d 129, 131 (2d Cir. 1996) (affirming that "the preclusive effect of a prior, related arbitration between the parties must be determined by the arbitrator in the current arbitration, rather than by the court").

6

CGMI Petitioners unpersuasively argue that this case is distinguishable from *Citigroup, Inc.* because FINRA Rule 13504 forecloses them, and consequently the arbitrators, from addressing preclusion issues until after the completion of Preis' case in chief in the arbitration, thereby causing CGMI Petitioners irreparable harm.  Before commencing this action, however, CGMI requested that FINRA deny the use of the FINRA arbitral forum to hear the Second Arbitration on the ground of claim preclusion, and obtained a ruling, although not the ruling they sought.  Consequently, the purported procedural hurdle of Rule 13504 does not, as CGMI Petitioners argue, vitiate the purpose of the doctrines of claim or issue preclusion.

Moreover, although the question of preclusion will be decided by the arbitrators, the Amended Demand filed by Preis with FINRA appears to address this concern.  After CGMI Petitioners commenced this action asserting issue and claim preclusion, Preis obtained counsel and clarified that he did not intend to make the same claims raised in the First Arbitration and would instead focus on subsequent events.  Preis' counsel then filed the Amended Demand, which eliminated almost all of the facts that had been pleaded in the demand for the First Arbitration and appears intended to raise facts and claims that were not part of the First Arbitration.  Accordingly, CGMI Petitioners' concerns that they will be required to re-litigate the same issues addressed in the First Arbitration are not compelling.

### iii.  All Writs Act, Court's Inherent Powers and Preis' Cross-Motion

CGMI Petitioners fail to provide a basis, pursuant to the All Writs Act or the Court's inherent powers, to enjoin the Dodd-Frank Act, tortious interference, and prima facie tort claims from proceeding in the Second Arbitration.  Where, as here, the "federal judgment merely confirmed an arbitration award through a limited procedure that did not involve consideration of the merits of the underlying claims," a court is "preclude[d]" from "using the All Writs Act to

enjoin a subsequent arbitration of claims that one party asserts are barred by the prior arbitration." *Citigroup, Inc.*, 776 F.3d at 134.  CGMI Petitioners' argument that the Second Arbitration should be enjoined to protect the confirmation of the award in the First Arbitration is therefore unpersuasive.  CGMI Petitioners' argument that the Court should enjoin the Second Arbitration under its inherent powers fails for the same reason.  Accordingly, CGMI Petitioners' request to enjoin the Dodd-Frank Act, tortious interference, and prima facie tort claims fail.  For the same reasons, Preis' cross-motion to compel arbitration of these claims is granted.

Preis' motion to dismiss the Dodd-Frank Act, tortious interference and prima facie tort claims is denied.  Section 3 of the FAA provides that, where the claims pending before a court are "referable to arbitration," the court "shall . . . stay the trial of the action" until the parties arbitrate the dispute.  9 U.S.C. § 3.  Accordingly, the Dodd-Frank Act, tortious interference and prima facie tort claims are stayed pending adjudication of those claims by FINRA.

### B.  The Sarbanes-Oxley Act Claim

Preis' claim for violations of the anti-retaliation provision of Sarbanes-Oxley is not arbitrable.  As amended, the Sarbanes-Oxley Act now provides that "[n]o predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under [the Sarbanes-Oxley whistleblower protection provision]."  18 U.S.C. § 1514A(e)(2).  Preis has not cited a post-dispute agreement to arbitrate this claim, and there is none in the record.

Instead, Preis unpersuasively argues that CGMI Petitioners submitted to FINRA's jurisdiction by sending letters to FINRA requesting that it deny use of its forum for the Second Arbitration.  Those letters do not amount to a post-dispute agreement to arbitrate the Sarbanes-Oxley Act claim.  In fact, in those letters, CGMI Petitioners disputed that these claims may proceed to arbitration.  Thus, the Sarbanes-Oxley Claim is not arbitrable.  CGMI Petitioners'

8

application to enjoin the Sarbanes-Oxley claim is therefore granted, and Preis' cross-motion to dismiss this claim and compel arbitration is denied.

### C.  CGMI Petitioners' Motion to Be Heard Before the First Arbitration Panel

CGMI Petitioners request that any of Preis' claims in the Second Arbitration that go forward should be heard before the same panel that presided over the First Arbitration.  CGMI Petitioners, however, cite no authority in support of their request.  Generally, "once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended, and the arbitrators have no further authority, absent agreement by the parties."  *T.Co Metals*, 592 F.3d at 342.  In any event, like the preclusion issue, this issue is more appropriately heard by the arbitrators than the Court.  CGMI Petitioners' request is therefore denied.

## III.   CONCLUSION

For the foregoing reasons, CGMI Petitioners' petition is GRANTED in part and DENIED in part, and Preis' cross-motion is GRANTED in part and DENIED in part as follows:

- CGMI Petitioners' petition to enjoin the Sarbanes-Oxley Act claim from proceeding in the Second Arbitration is GRANTED, and Preis' cross-motion to dismiss and compel arbitration of these claims is DENIED;

- CGMI Petitioners' petition to enjoin the Dodd-Frank Act, tortious interference, and prima facie tort claims is DENIED, and Preis' cross-motion to compel arbitration of these claims is GRANTED;

- Preis' motion to dismiss the Dodd-Frank Act, tortious interference, and prima facie tort claims is DENIED, and these claims are STAYED in this action; and

- CGMI Petitioners' petition that the Second Arbitration be heard before the same

arbitration panel that presided over the First Arbitration is DENIED.

The schedule for the remaining Sarbanes-Oxley claim will be addressed in a separate

Order.  The Clerk of Court is directed to close Docket Number 13.

SO ORDERED.

Dated: April 14, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**